# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-23-00438-CR
NO. 03-23-00439-CR

---

**Morris Sorrells, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY
NOS. 20-055 & 20-115, THE HONORABLE CHRIS SCHNEIDER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Morris Sorrells pleaded guilty pursuant to plea bargains to two counts of retaliation.[1] *See* Tex. Penal Code § 36.06(a)(1)(A). In accordance with the plea bargains, the trial court sentenced Sorrells to 10 years' confinement for each count, suspended the sentences, and placed him on community supervision for 10 years. The State subsequently filed amended motions to revoke, alleging that Sorrells had violated various conditions of his community supervision. Sorrells pleaded not true to the allegations and, following a hearing on the motions, the trial court found the allegations to be true, revoked Sorrells's community supervision, and reinstated the original 10-year sentences, ordering that they run concurrently. Sorrells filed a notice of appeal from each judgment revoking community supervision.

---

[1] The offenses were charged in separate indictments tried together at the initial plea proceeding.

Sorrells's court-appointed attorney has filed motions to withdraw supported by briefs concluding that the appeals are frivolous and without merit.[2] The briefs meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988). Sorrells's counsel has also forwarded to this Court a copy of a letter that he sent to Sorrells, in which he asserted that he sent copies of the motion and brief to Sorrells; informed Sorrells of his right to examine the appellate record and file a pro se response; and provided Sorrells with copies of the clerk's and reporter's records as well as a motion to assist him in obtaining pro se access to the records. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. Sorrells filed a motion to access the record in each appeal on November 9, 2023, which were granted by the Court on November 21, 2023. To date, he has not filed a pro se response brief in either cause number.

We have conducted an independent review of the records—including the record of the revocation proceeding below and appellate counsel's briefs— and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the records present no arguably meritorious grounds for review, and the appeals are frivolous.

Counsel's motions to withdraw are granted. The trial court's judgments revoking community supervision are affirmed.

---

[2] The briefs are substantively the same.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Affirmed

Filed:   July 10, 2024

Do Not Publish